CARPENTER      Three objections were made to the introduction of the
v.         evidence—
DICKERSON.

*Per Curiam.*—The judgment is affirmed with 5 per cent.
damages and costs.

*W. S. Holman*, for the appellant.

---

CARPENTER *v.* DICKERSON and Another.

Tuesday,      APPEAL from the *Vanderburgh* Court of Common
June 12.    Pleas.

HANNA, J.—The appellees sued *Carpenter* for money laid
out, &c., to his use.

The facts disclosed are, that the *Dickersons* were in pos-

May Term,
1860.

CARPENTER
v.
DICKERSON.

session of a tract of land claiming title, under a warranty deed from *Roberts*, who had acquired title equally from *Carpenter* and one *Phelps* for the same land. One *Stewart* sued the *Dickersons*, *Roberts*, and *Carpenter*, to recover said lands, and recovered judgment therefor. Pending the suit, the *Dickersons*, *Roberts*, and *Carpenter* met and agreed that the *Dickersons* should proceed to purchase in a supposed outstanding title in the heirs of *Buckler*, and thereby be enabled to defend against the suit of *Stewart*, and that they would bear each his fair portion of the expense. The *Dickersons* aver they did so, and expended over 600 dollars.

*Carpenter* answered by a denial. Trial, and judgment for the plaintiff.

The first point made is, that the evidence does not justify the amount of the finding.

Under the circumstances, we think it does. The deeds from the heirs of *Buckler* were introduced, and, for aught we can see, for the sole purpose of showing the amount of the consideration paid. They were not objected to as evidence. Perhaps they were not, if objected to, evidence against *Carpenter* of that fact. The expense of procuring the title, hunting up the heirs, &c., was proved by other evidence. The evidence thus introduced, without objection, shows the expenditure of a sum more than sufficient to make *Carpenter's* fair proportion amount to the sum named in the judgment. The answer was the general denial, and yet under it evidence was admitted relative to a compromise by *Carpenter* and *Roberts*, after *Stewart* had recovered judgment, by which *Carpenter* was to pay *Roberts* 800 dollars; but whether that was simply in discharge of his liability as the grantor of *Roberts*, or whether it also included all the expenses incident to the suit, including those incurred in procuring the *Buckler* title, was, by the evidence, left a disputed question. The Court has passed upon that evidence, and we shall not disturb the finding on that ground, even if a payment to *Roberts* would have extinguished the claim of the agent, which we do not decide. The appellees insist that the whole evidence on

May Term,
1860.

Wilson
v.
The Evans-
ville, &c.,
Railro'd Co.

that point was irrelevant under the issue. It is too late now, for the first time, to raise that question.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. J. Chandler* and *J. B. Hynes*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellees.